FILED
SUPERIOR COURT
OF GUAM

2021 JUL -7 AM 9:47

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0157-21** |
| vs. | **DECISION AND ORDER** |
| **JEROME CAMACHO CRUZ aka Jerome Anthony Camacho Cruz aka Anthony,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 22, 2021, for hearing on Defendant **JEROME CAMACHO CRUZ aka Jerome Anthony Camacho Cruz aka Anthony's** ("Defendant") Supplemental Request to his Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50. Defendant was present in person with counsel, Assistant Alternate Public Defender Heather Zona[1] and Assistant Attorney General Sean Brown was present on behalf of the People of Guam ("the Government") via Zoom. In accordance with its ruling from the bench on June 22, 2021, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On April 1, 2021, Defendant was indicted with the following charges: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2)

---

[1] At the conclusion of the hearing, the Court granted Alternate Public Defender's Ex Parte Motion to Withdraw as Appointed Counsel of Record due to a concurrent conflict. Attorney Jeffrey A. Moots was subsequently appointed as counsel for Defendant.

*People v. Cruz*
Case No. CF0157-21
Decision and Order

Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (3) Possession of a Firearm without a Firearms Identification Card (As a Third Degree Felony) – 2 Counts; (4) Possession of an Unregistered Firearm (As a Third Degree Felony) – 2 Counts; (5) Violation of a Court Order (As a Misdemeanor); and (6) Violation of a Court Order (As a Misdemeanor) – 4 Counts.[2] (Indictment, Apr. 1, 2021). Each felony charge and count also has an attached Notice: Commission of a Felony While on Felony Release. *Id.* These charges stem from the discovery of drug paraphernalia, suspected methamphetamine, and two (2) firearms in plain view by Judiciary of Guam Marshals while serving a protective order on Defendant. (Decl. of Courtney Leigh Scalice, Magistrate's Compl., Mar. 24, 2021). A federal search warrant was subsequently obtained and executed, which resulted in the recovery of additional firearms, drugs, drug paraphernalia, and a large amount of United States currency. *Id.* The total weight of the methamphetamine recovered weighed approximately 22.95 gross grams. *Id.*

On April 9, 2021, Defendant filed a Motion to Modify Bail.[3] On April 13, 2021, Defendant filed an Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 for Release on Personal Recognizance, Unsecured Bond, or Reduction of Bail to 10% ("Motion for Bail Redetermination").[4] Defendant is confined pending the posting of $30,000 cash bail. *See* Commitment Order, Mar. 24, 2021.

On April 14, 2021, the Government filed its Opposition to Defendant's Ex Parte Motion for Bail Redetermination.

On May 4, 2021, Magistrate Judge Jonathan Quan denied Defendant's Ex Parte Motion for Bail Redetermination. (Minute Entry, May 4, 2021).

---

[2] The Indictment also charges co-defendant Kailene Isabel Pangelinan Mendiola with: (1) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); and (2) Possession of a Schedule IV Controlled Substance (As a Third Degree Felony) – 2 Counts. (Indictment, Apr. 1, 2021). These charges are reflected in the Seventh Charge and Eighth Charge of the Indictment. *Id.*

[3] This Motion was filed by Attorney Gloria Rudolph on behalf of Defendant. The law firm of Lujan & Wolff, LLP entered its appearance on behalf of Defendant on April 9, 2021. The law firm subsequently moved to withdraw, which was granted by the Court on June 15, 2021.

[4] This Motion was filed by Assistant Alternate Public Defender Heather Zona.

On May 21, 2021, Defendant filed a Supplemental Request to his Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 ("Supplemental Request").

On June 8, 2021, the Government filed its Response to Defendant's Supplemental Request.

On June 17, 2021, Probation filed a Declaration re: Eligibility for Participation in the Electronic Monitoring Program ("Declaration re: EM Eligibility"), indicating that Defendant was deemed ineligible to participate in the Electronic Monitoring Program.

On June 18, 2021 and June 22, 2021, this Court heard further arguments on the Motion for Bail Redetermination.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the thirty thousand dollars ($30,000.00) cash bail or in the alternative, to reduce the cash bail amount to three thousand dollars ($3,000.00). *See generally*, Mot. Bail Redetermination, Apr. 13, 2021. In his Supplemental Request, Defendant further requests that he be evaluated for release under the electronic monitoring program. *See generally*, Supp. Request, May 21, 2021).

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)     length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;
    (iii)   his/her family ties and relationships;
    (iv)   his/her reputation, character and mental and physical condition;

(v)     his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi)     his/her history relating to drug or alcohol abuse;

(vii)     the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)     whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)     his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

At the time of Defendant's initial Motion for Bail Redetermination, he did not have proposed third-party custodians. Since the initial Motion for Bail Redetermination, Probation has indicated that two proposed third party custodians may be appropriate: (1) Ms. Elizabeth Camacho; and (2) Ms. Kiana Camacho. Probation also conducted an assessment regarding Defendant's eligibility for electronic monitoring. Probation found Defendant ineligible to participate in electronic monitoring for the following reasons:

(1) The defendant had a Bench Warrant issued for failing to comply with Court ordered conditions within the last three (3) years: In CF0580-20, the defendant had one (1) warrant filed on December 16, 2020.
(2) The defendant has a history of non-compliance. The defendant is currently on Pretrial Release in CF0580-20 and CM0581-19, and convicted in CF0145-15, CF0717-11, Global: CF0219-09/CF0454-08, CM0121-06, and CF0226-01.

(Decl. Re: EM Eligibility, Jun. 17, 2021).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with the safety of the community and Defendant's ability to follow Court orders. The Court recognizes that Defendant is a lifelong resident of Guam, with close familial ties to the island. Defendant has a moderate ORAS-PAT score. However, the Court also notes that Defendant currently has three active pre-trial criminal cases before the Court: CM0581-19, CF0580-20, and the instant matter. The instant matter involves alleged offenses occurring while Defendant was on pre-trial release in CF0580-20, resulting in the Notice: Commission of a Felony While on Pre-Trial Felony Release. Defendant faces five to twenty-five years of imprisonment consecutive to any mandatory minimums for the underlying felony offenses. Thus, despite having ties to Guam, the substantial sentence that Defendant may face makes him a high flight-risk. The instant

matter also charges Defendant with Violation of a Court Order (As a Misdemeanor), alleging that Defendant violated orders in CF0580-20 and CM0581-19 based on contact with the alleged victim in CF0580-20[5] and possession of a firearm in violation of his release conditions in CM0581-19 and CF0580-20. Defendant also has a criminal history reflecting several convictions for Possession of a Schedule II Controlled Substance (As a Third Degree Felony).

Additionally, the charges in CF0580-20 are similar in nature to the instant matter. In CF0580-20, Defendant is charged with: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (3) Possession of a Firearm without a Firearm Identification (As a Third Degree Felony); (4) Family Violence (As a Third Degree Felony); and (5) Reckless Driving (As a Petty Misdemeanor). (Indictment, CF0580-20, Nov. 19, 2020). Defendant was released with conditions after posting $3,000.00 cash bail in that matter. *See* Order of Conditional Release and Appearance Bond, Nov. 12, 2020. Thus, the Court is not convinced that a reduction of the $30,000.00 cash bail to $3,000.00, as requested by Defendant, will ensure Defendant's compliance with Court orders. After Defendant was released in CF0580-20, he became subject of a Bench Warrant for failing to appear for Arraignment in CF0580-20 on December 16, 2020, and was subsequently charged in the instant matter with similar offenses allegedly occurring four months after his release in CF0580-20. Further, although Probation has indicated that two third party custodians may be appropriate to assist with supervising Defendant while on pre-trial release, the Court is not convinced at this time that such an arrangement will be sufficient to ensure Defendant's compliance with Court orders.

Thus, upon the Court's review, Defendant's release to third party custodians does not sufficiently allay the Court's concerns regarding the safety of the community at this time. Defendant remains held pending the posting of $30,000.00 cash bail.

//

//

---

[5] The Court acknowledges that the co-defendant in the instant matter is the alleged victim in CF0580-20, and that counsel for Defendant has indicated to the Court that she does not fear the Defendant.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Status Hearing is set for **August 6, 2021** at **10:00 AM.** This Status Hearing will be **IN PERSON.**

**IT IS SO ORDERED,** *nunc pro tunc* to **June 22, 2021**, this 7th day of July, 2021.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam